UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDA FISHER, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 10-cv-886 (RCL) |
| FRIENDSHIP PUBLIC CHARTER SCHOOL, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

This case comes before the Court on the plaintiff's motion [18] for reconsideration of this Court's January 26, 2012 Memorandum Opinion. The plaintiff requests the Court amend its prior judgment denying the plaintiff's son, R.G., compensatory education under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq*. Upon consideration of the filings, the entire record herein and the relevant law, the Court will DENY the plaintiff's motion for reconsideration

**II.   BACKGROUND**

At the time of the initial filing, R.G. was a 17-year-old resident of the District of Columbia, who was eligible to receive special education services as a student with Attention Deficit Hyperactivity Disorder ("ADHD"). Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") at 6. R.G. attended FPCS from 2007 until September 22, 2009.[1] *Id.*

---

[1] R.G. may have attended FPCS for additional years prior to 2007, however neither the Administrative Record nor the parties' briefing indicates this.

On September 11, 2009, Friendship Public Charter School ("FPCS") suspended R.G. for coming to school under the influence of marijuana. R. at 101, 242. FPCS then convened a multidisciplinary team ("MDT") meeting three days later to discuss the incident. R. at 243. The plaintiff was present at this meeting. *Id.* The MDT determined that the behavioral incident was not a manifestation of R.G.'s ADHD, and the plaintiff agreed. *Id.* Because of the severity of this violation, FPCS expelled R.G. on September 22, 2009. R. at 265. After the expulsion, the plaintiff enrolled her son in Rock Creek Academy, a private special-education school for only special needs children. Pl.'s Mot. at 3. R.G. graduated high school from Rock Creek in June 2010. Def.'s Mot. for Summ. J. at 11.

## B. Procedural Background

Plaintiff filed a Due Process Complaint on November 10, 2009[2]; however, she later withdrew this complaint and filed an amended version on December 22, 2009. A Due Process Hearing was held on February 17, 2010 and the Hearing Officer's rendered her determination on February 26, 2010. In this decision, the Hearing Officer held that the plaintiff failed to prove R.G.'s pre-expulsion IEP contained "insufficient hours, goals, or objectives," and thus, the Hearing Officer denied the plaintiff any compensatory education or declaratory relief.

The plaintiff appealed the Hearing Officer's determination by filing a complaint in this Court on May 27, 2010. On January 26, 2012, this Court issued a Memorandum Opinion granting-in-part and denying-in-part both parties' motions for summary judgment. Relevant to the pending motion, the Court denied the plaintiff's request for compensatory education.[3] Because the plaintiff's son graduated from high school prior to its decision, the Court dismissed

---

[2] The plaintiff stipulates that the Complaint is misdated as filed on November 3, 2009, but that it was actually filed on November 10, 2009.

[3] Compensatory education is replacement educational services the child should have received in the first place.

the request as moot. As no controlling authority existed on this issue, the Court cited two persuasive opinions from the Tenth and Seventh Circuits, stating that requests for compensatory education became moot upon a student's graduation from high school. The plaintiff has now filed a motion for reconsideration, requesting the Court amend its judgment and grant her request for compensatory education.

### III. ANALYSIS

#### A. Standard of Review

Rule 59(e) of the Federal Rules of Civil Procedure permits a party, within 28 days following entry of a judgment, to file a motion to alter or amend that judgment. Motions filed under Rule 59(e) are generally disfavored, and are granted only when the moving party establishes that extraordinary circumstances justify relief. *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). A court need not grant such a motion unless it finds that there is an intervening change of controlling law, new evidence, or the need to correct clear error or prevent manifest injustice. *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998) (citations and quotation marks omitted). Such motions are not an opportunity to reargue facts and theories upon which a court has already ruled. *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

#### B. The Court Denies Plaintiff's Motion for Reconsideration

The plaintiff requests the Court reconsider its prior ruling in light of a recent opinion from a different judge on the D.C. District Court. The opinion, *Brooks v. District of Columbia*, 2012 WL 254147 (D.D.C. Jan. 28, 2012) (Howell, J.), awarded compensatory education to a student after she graduated from high school. Pl.'s Mot.

As previously stated, motions for reconsideration are generally disfavored. The plaintiff does not present this Court with an intervening change of controlling law. Rather, she presents what is at most, persuasive authority for the Court's consideration. Thus, the plaintiff fails to meet the necessary standard to warrant the Court amending its prior decision.

In any event, even if the *Brooks* case were controlling authority, the facts of *Brooks* are distinguishable from the case at hand. To begin, the Court in *Brooks* notes that, "[w]hile the [school] is under no obligation to provide continued IDEA-related services to disabled children who have received a high school diploma, the Court may nonetheless order [it] to provide compensatory education." *Brooks*, 2012 WL 254147 at * 4. More specifically, the Court found that the D.C. Public School system failed to provide a free appropriate public education ("FAPE") to the child by not reviewing her vocational evaluation report and amending the individualized education plan ("IEP") accordingly. This resulted in the child's IEP going unchanged for two years prior to her graduation from high school. The Court upheld the Magistrate Judge's decision to convene an MDT and determine "*what appropriate compensatory education* would compensate R.T. for DCPS's failure[.]" *Brooks*, 2012 WL 254147 at * 4.

In this case, R.G. was expelled from FPCS during his senior year for coming to school under the influence of marijuana. The plaintiff subsequently placed R.G. in a private school because FPCS failed to provide any interim general education curriculum for R.G. Although the plaintiff challenged the adequacy of R.G.'s education prior to his expulsion, this Court previously held that FPCS provided R.G. with a FAPE while he was enrolled. Further, R.G. matriculated from the private school, and the Court awarded the plaintiff tuition reimbursement from R.G.'s date of enrollment.

While the Court still strains to see what benefit compensatory education would provide to a child who has graduated from high school, the failure to amend a child's IEP for two years is sufficiently distinguishable from the case at hand. Although FPCS failed to provide R.G. with a general education curriculum after his expulsion in September, he was subsequently enrolled in a private school and graduated the following June. For these reasons, the Court does not believe compensatory education is warranted in this situation. Therefore, the Court would reject plaintiff's motion for reconsideration in any event, even if *Brooks* constituted controlling authority.

**V.    CONCLUSION**

For the foregoing reasons, the Court DENIES the plaintiff's motion [18] for reconsideration.

A separate Order and Judgment consistent with these findings shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on April 26, 2012.