THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDA FISHER, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-886 (RCL) |
| FRIENDSHIP PUBLIC CHARTER SCHOOL, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Before the Court is plaintiff's Motion [25] for Fees and Costs. Upon consideration of this Motion, defendant's Opposition [26], plaintiff's Reply [28], defendant's Surreply [29], the applicable law, and the entire record in this case, plaintiff's Motion will be granted in part and denied in part.

### I. Factual Background

On May 27, 2010, Linda Fisher ("plaintiff") filed a complaint against Friendship Public Charter School ("defendant") under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). Plaintiff sought four substantive forms of relief: (1) a declaration that defendant violated IDEA by denying plaintiff's child, R.G., a free appropriate public education ("FAPE"), (2) an order that defendant reimburse plaintiff for the private tuition of R.G. at Rock Creek Academy retroactive to October 12, 2009 (the date of his enrollment), (3) an order compelling defendant to convene a multidisciplinary team to discuss and determine a compensatory education for R.G., and in the alternative (4) an order compelling defendant to fund an independent evaluation to determine the appropriate compensatory education for R.G.

Both parties filed Motions for Summary Judgment. This Court granted defendant's Motion [9] as to the declaratory and compensatory relief as moot. The Court granted plaintiff's Motion [10] as to tuition reimbursement. Therefore, three of plaintiff's four claims were dismissed as moot, while she prevailed on only one. *See* Jan. 26, 2012 Mem. Op. [17] at 14. With the merits of the case resolved, the only remaining issue is plaintiff's Motion [25] for fees and costs.

## II.     Statutory Framework

IDEA allows the Court, in its discretion, to award reasonable attorney's fees to the "prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(1). The statute requires a two-step judicial inquiry: (1) whether the parent is a "prevailing party" and (2) whether attorney's fees are warranted and reasonable. *Id.*; *see also B.R.* ex rel. *Rempson v. District of Columbia*, 802 F. Supp. 2d 153, 162–63 (D.D.C. 2011). A party "prevails" when it satisfies this Circuit's three-element test: "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (quoting *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492–93 (D.C. Cir. 2003)). Although the Supreme Court has held its formulation of "prevailing party" to be "generous," *de minimus* relief on a legal claim does not entitle that party to attorney's fees. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

When the legal relationship between the parties is changed by a judicial decree, "the degree of plaintiff's overall success goes to the reasonableness of the award." *Id.* at 793. Whether attorney's fees are "reasonable" is a matter of judicial discretion, the objective

measurement of which has divided courts within the D.C. Circuit. *McClam v. District of Columbia*, 808 F. Supp. 2d 184, 189–90 (D.D.C. 2011). Some courts award fees at according to the *Laffey* Matrix[1] while others have awarded smaller amounts because of the relative simplicity of the cases. *Id.* (holding that "IDEA cases are generally not complex" and that "*Laffey* high-end rates cannot be awarded here."). When a plaintiff succeeds on only some of his claims, the Court looks to whether the plaintiff "fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded;" and whether the plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley v. Eckerhard*, 461 U.S. 424, 434 (1983).

### III. Analysis

Plaintiff moves for the Court to award her $39,685.50 in attorney's fees after her successful Motion for Summary Judgment regarding tuition reimbursement resulting from defendant's IDEA violation. Pl.'s Mot. for Fees & Costs at 1. Defendant opposes the Motion on three grounds: (1) plaintiff is not a prevailing party because she obtained only *de minimis* relief, (2) attorney's fees should be reduced because plaintiff's lawsuit was only partially successful, and (3) attorney's fees should be reduced because plaintiff's request is unreasonable. *See generally* Def.'s Opp'n to Pl.'s Mot. for Fees & Costs ("Opp'n"). The Court will analyze each of these objections in turn.

#### a. Was Plaintiff a "Prevailing Party?"

Defendant first opposes plaintiff's Motion by claiming that plaintiff should not be considered a "prevailing party." Opp'n at 5–8. It first asserts that there was no change in the legal relationship between Friendship and plaintiff because the school to whom it was ordered to

---

[1] *See Laffey v. Nw Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), as modified by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988).

pay retroactive tuition is now closed. *Id.* at 7–8. However, plaintiff's Reply provides documentation of the school's continued existence as a corporation. *See* Reply at 1, Exs. 1–2. Furthermore, the Verified Statement of Richard Henning states that if a third party does not pay for R.G.'s tuition, plaintiff is responsible for the balance. Reply at 1–2, Ex. 1. Therefore, the Court's January 26, 2012 order that defendant pay plaintiff's tuition changed the legal relationship between the parties.

Defendant argues that if the Court finds a legal change in the relationship between the parties, the relief was only technical or *de minimis*. Opp'n at 8. However, its argument is premised on the fact that plaintiff was not obligated to pay R.G.'s tuition. As stated above, plaintiff provided documentation to the contrary. Furthermore, though defendant states that "Friendship's counsel contacted OSSE and has confirmed that OSSE paid R.G.'s tuition, for the time period required by the HOD[,]" it fails to provide any evidence or documentation to back up its claim. Def.'s Surreply at 2. This Court has previously held that "prevailing party" status "depends more on whether he has obtained his primary objective in seeking an administrative hearing." *Robinson v. District of Columbia*, 2007 WL 2257326, at *4 (D.D.C. Aug. 2, 2007). Plaintiff's primary objective was "a successful educational outcome for R.G." Reply at 2. Because the Court finds this objective to be fulfilled by the Hearing Officer's initial determinations[2] combined with this Court's order that tuition be reimbursed retroactively to date of enrollment, plaintiff is a prevailing party.

---

[2] The Hearing Officer determined that defendant failed to provide plaintiff a FAPE after expelling him with no alternative placement. Mem. Op. at 5 (citing R. at 327). This Court has written that if a Hearing Officer "make[s] such a finding [that plaintiff was denied a FAPE], plaintiff would be allowed reasonable relief as this constitutes a direct violation of the statute." *Robinson*, 2007 WL 2257326, at *4.

4

           *b. Was Plaintiff Only "Partially Successful?"*

   Defendant also opposes plaintiff's Motion for Fees and Costs by asserting that plaintiff was only partially successful in her lawsuit; therefore, the amount of the award should be reduced.  Opp'n at 8–10.  Two types of relief plaintiff requested were denied as moot: declaratory relief and compensatory education.  *See* Mem. Op. at 14.  However, the Court ordered defendant to reimburse plaintiff's tuition effective from the date of enrollment.  *Id.*  Since some claims were denied and only one was granted, defendant contends that plaintiff was only partially successful.

   When a plaintiff succeeds on only some of his claims, the Court looks to whether the plaintiff "fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded;" and whether the plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."  *Hensley*, 461 U.S. at 434.  "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters."  *Id.* at 435.

   Considering the first factor, plaintiff's claims were not completely related.  The Court may deny attorney's fees for unsuccessful claims unrelated to the ones on which plaintiff prevailed.  *Id.*  Though plaintiff contends that all of her claims here arose from the same factual scenario and led to the same ultimate goal—to make plaintiff whole from defendant's denial of R.G.'s FAPE—the Court finds a difference.  The Hearing Officer declared that R.G. was denied a FAPE only after his expulsion. Mem. Op. at 5 (citing R. at 327, 331).  Plaintiff's claims for relief dealing with events that took place *before* R.G.'s expulsion are therefore a separate issue from seeking tuition reimbursement for school placement *after* expulsion.  Though plaintiff

claims that compensatory education "became meaningless and moot because of the impact of the other relief obtained,"[3] this is incorrect. Compensatory education was moot as a matter of law regardless of what other relief plaintiff obtained. *See* Jan. 26, 2012 Mem. Op. at 8 (citing D.C. Mun. Reg. Tit. 5 § 3002.2(c), "[DCPS] shall not be obligated to provide [a Free Appropriate Public Education] to children with disabilities who have graduated from high school with a regular high school diploma."). Following the Tenth Circuit, this Court wrote, "Having already graduated from high school, the Court fails to see what benefit compensatory education would provide." *Id.* at 8–9. Because three of the four claims for relief in the Complaint were related to pre-expulsion facts upon which summary judgment was granted to defendant, but one count was in the alternative, the Court will reduce the final attorney's fee award by 50%. *See Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."); *see also D.L. v. District of Columbia*, 256 F. Supp. 239, 245 (D.D.C. 2009) (Lamberth, C.J.) (reducing attorney's fees by 75% when plaintiffs failed on several of their claims). The Court will therefore not reduce the fee for a claim that was made in the alternative. The result—summary judgment for defendant on separable claims—is what mattered for the Court to determine that the fee award should be reduced by 50%.

Secondly, the Court looks to the level of success plaintiff achieved in relation to the hours expended. *See id.* at 434. Plaintiff was awarded an order for the reimbursement of R.G.'s private school tuition retroactively applied to the date of his enrollment. This was a major success for plaintiff, regardless of her other losses. Because the Court has already reduced the attorney's fees by 50%, *see supra*, it finds that plaintiff's "partial success" should not further detract from her ability to collect attorney's fees, as allowed by 20 U.S.C. § 1415(i)(3)(B)(1).

---

[3] Reply at 3.

### c. *Was Plaintiff's Request Unreasonable?*

Finally, defendant claims that even if the Court finds for plaintiff on its first two objections, the amount of fees is nonetheless unreasonable. Opp'n at 10– 14. It first argues that the use of an enhanced *Laffey* Matrix is improper because of the case's simplicity. *Id.* at 11–12. Next, it states that plaintiff used the incorrect time frame in the *Laffey* Matrix when calculating fees. *Id.* at 12. Finally, defendant alleges that some fees are unreasonable because they "predate the administrative hearing . . . by such an extended period of time as to preclude a meaningful relationship with the hearing." *Id.* at 13 (citing *Czarneiwy v. District of Columbia*, 2005 WL 692081, *4 (D.D.C. 2005). The Court will address each of these concerns.

First, defendant argues against the use of an enhanced *Laffey* Matrix. "Federal courts do not automatically have to award *Laffey* rates but instead they can look at the complexity of the case and use their discretion to determine whether such rates are warranted." *Flores v. United States,* 2012 WL 1434964, at *4 (D.D.C. Apr. 26, 2012) (citing *Muldrow v. Re–Direct, Inc.*, 397 F. Supp. 2d 1, 4–5 (D.D.C. 2005)) (awarding fees at a rate 25% less than *Laffey* in a "relatively straightforward negligence suit."); *see also Covington v. District of Columbia*, 57 F.3d 1101, 1110 (D.C. Cir. 1995) (approving use of the *Laffey* Matrix for "complex federal court cases"). Defendant also provides several cases that "declined to use even the traditional United States Attorneys' Office ("USAO") *Laffey* Matrix in 'relatively simple and straightforward IDEIA cases.'" Opp'n at 11 (citing, *inter alia*, *Arapito v. District of Columbia*, 525 F. Supp. 2d 150, 155 (D.D.C. 2007)). Defendant urges the Court to reduce plaintiff's award to 75% of the USAO *Laffey* Matrix. *Id.* at 12.

In response, plaintiff argues that the enhanced *Laffey* rates[4] adequately establish the prevailing rates in the community. Reply at 5–8. She also cites a long list of cases supporting her view, demonstrating a lack of uniformity in this Circuit about the correct Matrix to use. *See id.* at 5–6. Plaintiff claims that the efficiency of this litigation was due not to the case's simplicity, but the skill and experience of her lawyer. *Id.* at 7–8. "Plaintiff's counsel billed many few [*sic*] hours than would have a less experienced IDEA litigator. Friendship now wants to have this savings cake and eat it, too." *Id.* at 7.

Both parties point to various district cases supporting their position, which is all the more reason that the Court must conduct a fact-sensitive inquiry to exercise its discretion in this matter. *See Henlsey*, 461 U.S. at 437. Given the relative speed of this litigation, its few witnesses and exhibits, and the lack of novel issues raised, the Court finds that the litigation was not sufficiently complex to warrant enhanced *Laffey* rates. *See McClam*, 808 F. Supp. 2d at 190 (declining to award enhanced *Laffey* rates to an IDEA suit with 56 exhibits and 20 witnesses); *see also D.L*, 256 F. Supp. at 243 (adhering to the USAO *Laffey* Matrix in a "not particularly complex" class action and acknowledging the growing approval for the USAO *Laffey* Matrix). The Court finds defendant's suggestion of using the USAO *Laffey* Matrix to be appropriate, given the case's simplicity and efficiency; however, it is not persuaded that the rate should arbitrarily be reduced by 25%. Though some cases in this Circuit have done so, defendant provides no specific facts in this case that would proscribe this reduction. Therefore, the Court will use the USAO *Laffey* Matrix, but not make further reductions absent legitimate reasons to do so.

Second, defendant objects to the use of present-value Matrix fees when much of the work was completed during an earlier timeframe. However, "hourly rates may be 'based on present

---

[4] Plaintiff prefers to call enhanced *Laffey* rates "*Salazar Laffey* rates."

hourly rates, rather than the lesser rates applicable to the time period in which the services were rendered,' to reduce or eliminate 'harm resulting from delay in payment.'" Reply at 8 (citing *Copeland v. Marshall*, 641 F.2d 880, 893 n.23 (D.C. Cir. 1980) (*en banc*); *see also Missouri v. Jenkins*, 491 U.S. 274, 284 (1989) (applying present rates to adjust for delay in payment). Though defendant feebly tries to distinguish these cases, he fails to meaningfully do so and further fails to cite any legal authority to the contrary. Def.'s Surreply at 11–12. Therefore, the Court will base its award off the present value of plaintiff's counsel's services.

Finally, defendant objects to awarding attorneys fees for work done during a time that had no meaningful relationship with the hearing. It asks the Court to strike all attorney's fees before it received notice of a potential due process complaint. Opp'n at 13. However, the dearth of defendant's legal authority is easily trumped by *Cox v. District of Columbia*, 754 F. Supp. 2d 66, 78 (D.D.C. 2010) (denying to apply a bright-line time limit) and *Lax v. District of Columbia*, 2006 WL 1980264, at *4 (D.D.C. July 12, 2006) (holding that one year before a hearing "is an entirely reasonable window of time to be engaging in productive work."). After reviewing plaintiff's counsel's timesheet, which includes work starting nine months before filing the Complaint, the Court finds that all work delineated is related to the litigation at hand and the events leading to it. Though defendant claims that it is unfair to hold it responsible for work that took place before it knew of potential litigation, it could have prevented the entire situation by simply providing R.G. a FAPE. Its failure to do so put it on constructive notice of potential litigation. Therefore, defendant's request to bar attorney's fees for work completed prior to October 14, 2009 is denied.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . Again, the most critical factor is the degree of success obtained. . . .

There is no precise rule for making these determinations." *Hensley*, 461 U.S. at 435–37. Plaintiff is statutorily entitled to attorney's fees, and defendant has failed to dissuade the Court from awarding them. Plaintiff successfully appealed some of the Hearing Officer's results, and is therefore entitled to recover fees. The USAO *Laffey* Matrix shows a rate of $435/hour for attorneys with 11-19 years of experience.[5] Plaintiff's counsel, Mr. Tyrka, falls in this category. He logged 63.5 hours of work. Multiplied by $435/hour, the correct fee for Mr. Tyrka is $27,622.50. His paralegal logged 3 hours of work, which multiplied by $140/hour is $420.00. This totals $28,042.50. A 50% reduction due to plaintiff's partial success equals $14,021.25. Finally, adding the $350.00 filing fee leads to a final award of $14,371.25.

### IV.   Conclusion

Before the Court is plaintiff's Motion for Fees and Costs. The Court concludes that under 20 U.S.C. § 1415(i)(3)(B)(1), plaintiff is entitled to reasonable attorney's fees. Plaintiff's request to use the enhanced *Laffey* Matrix is denied. Defendant's request to award 75% of the USAO Matrix is also denied. The Court will award the full amount of fees according the USAO Matrix, which totals $28,042.50, less a 50% reduction for partial success on her lawsuit. Adding the filing fee results in a final award of $14,371.25. Therefore, plaintiff's Motion is granted in part and denied in part.

A separate order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on July 31, 2012.

---

[5] *See* http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf.  Last accessed: July 30, 2012.